David R. Paoli
PAOLI LAW FIRM, P.C.
P.O. Box 8131
257 West Front St., Suite A
Missoula, MT 59807-8131
(406) 542-3330
(406) 542-3332 (Fax)
davidpaoli@paoli-law.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| NARRISSA GODWIN, WARREN TUCKER, REANNA TUCKER, NORAH TUCKER | Cause No.<br>Dept. No. |
| Plaintiffs,<br>vs. | **COMPLAINT AND<br>JURY DEMAND** |
| HABECK TRUCKING, INC., LONE PINE LEASING, LLC, MARY VICTORIA CLARK, BROWNMILLER LEASING & TRANSPORTATION, INC. AND LARRY HANSEN | |
| Defendants. | |

COMES NOW Plaintiffs, Narrissa Godwin, Warren "Tom" Tucker, Reanna

Tucker, and Norah Tucker and for their Complaint against Defendants, Habeck

Trucking, Inc. (Habeck), Lone Pine Leasing, LLC, Mary Victoria Clark (Clark),

and Brownmiller Leasing & Transportation, Inc. (Brownmiller), and allege as

follows:

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

1.  Plaintiffs Narrissa Godwin ("Narrissa") and Warren "Tom" Tucker ("Tom") are the natural parents of Reanna Tucker ("Reanna") and Norah Tucker ("Norah").  Narrissa, Tom, Reanna, and Norah were at all times relevant hereto citizens of the State of Montana.

2.  Based on information and belief, Defendant Habeck Trucking, Inc. ("Habeck") is and was at all times relevant herein incorporated in South Dakota with its principal place of business in Belle Fourche, South Dakota.

3.  Based on information and belief, Defendant Lone Pine Leasing, LLC ("Lone Pine") is and was at all times relevant herein a citizen of Belle Fourche, South Dakota.

4.  Based on information and belief, Defendant Mary Victoria Clark ("Mary Clark") is and was at all times relevant herein a citizen of Missouri.

5.  Based on information and belief, Defendant Brownmiller Leasing & Transportation, Inc. ("Brownmiller") is and was at all times relevant herein incorporated in Delaware with its principal place of business in Iowa.

6.  Based on information and belief, Defendant Larry Hansen is and was at all times relevant herein a resident of South Dakota.

7.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between a citizen or subject of a foreign state and citizens of the state of Montana.  Accordingly, Plaintiffs invoke the Court's diversity

jurisdiction pursuant to 28 U.S.C. § 1332.

8.  Pursuant to 28 U.S.C. §1391(a)(2), venue is proper in the Missoula Division of the District of Montana because the events giving rise to these claims occurred within this Division.

9.  On or about December 28, 2014, Narrissa Godwin was traveling westbound in the "driving" lane of Interstate 90 in her 2001 Toyota Camry near Frenchtown, Montana.  Norah Tucker and Reanna Tucker were back seat passengers in the 2001 Toyota Camry.  An unidentified vehicle impacted the 2001 Toyota Camry spinning it around and it came to rest on the north shoulder of the westbound lane of Interstate 90, facing eastbound.

10.    Montana Highway Patrol ("MHP") responded to the scene.  Narrissa, Norah, and Reanna waited inside of the Toyota Camry for Tyler Towing to recover the Toyota Camry and for Tom to arrive to secure Narrissa, Norah and Reanna and take them from the scene.

11.    The Toyota Camry was facing eastbound parked entirely off the traveling lanes and on the north shoulder of Interstate 90 with its hazard lights on.  The Montana Highway Patrol was already on scene to assist Narrissa with the hit-and-run accident she was in and the patrol car was parked on the north shoulder east of Narrissa's Toyota Camry facing westbound with its emergency lights activated.  The Montana Highway Patrol vehicle had its in-car video activated which recorded the horrific crash sequence involving the Habeck

tractor-trailer combination and Narrissa's vehicle.

12.    Immediately prior, the Brownmiller semi tractor-trailer driven by Larry Hansen was driving westbound in the "driving" lane (the northernmost lane) of Interstate 90.  As Larry Hansen and the Brownmiller big rig began to approach Narrissa's vehicle and the Montana Highway Patrol vehicle, Mr. Hansen changed lanes from the northern "driving" lane to the southern "passing" lane of Interstate 90.

13.    At the same time Mary Clark was traveling westbound on Interstate 90 behind the Brownmiller semi tractor-trailer in a 2012 Peterbilt tractor owned by Habeck pulling a 53 foot 2014 Great Dane trailer owned by Lone Pine.

14.    Mary Clark, who was utilizing a phone system immediately prior to and during the crash, lost control of her semi tractor-trailer combination and began to jack-knife as it rotated clockwise off the right side of the roadway and slammed into Narrissa's Toyota Camry at a high rate of speed.  Narrissa's vehicle was pinned between the Habeck big rig and the guardrail and was completely demolished, with a portion of the Habeck big rig not only smashing Narrissa's vehicle but driving over it and smashing the hood and roof.

15.    The Toyota Camry came to rest in the westbound lanes of Interstate 90, into the path of traffic.

16.    Narrissa was ejected from the vehicle and thrown across the westbound lanes of Interstate 90.  Severely injured, Narrissa finally came to rest

in the median while Reanna and Norah were trapped inside the demolished Toyota Camry, terrified and screaming.

17.     Tom who was already on his way to pick up Narrissa, Norah and Reanna, drove past the wreckage and mayhem on the eastbound lanes of Interstate 90 and then arrived to the scene after the Habeck tractor-trailer slammed into his family's car via the Frenchtown Frontage Road that is located north of and parallel to Interstate 90.  Tom discovered his severely injured and traumatized family and the wreckage.

18.     As a result of the devastating collision, Narrissa, Norah and Reanna suffered significant, permanent injuries and damages.

19.     As a result of the collision, Tom suffered significant trauma damages.

20.     The MHP investigation indicated Clark was driving beyond her ability to safely operate a motor vehicle, was unable to control her motor vehicle during severe road conditions, was driving in a distracted manner, and was inattentive to the traffic around her and lost control of the motor vehicle she was operating.

21.     Defendant Mary Clark was an employee of Habeck Trucking and was acting within the course and scope of her employment at all relevant times.

22.     Defendant Habeck Trucking was responsible for Mary Clark's actions under the theory of respondeat superior at all relevant times.

23.     Based on information and belief, Lone Pine Leasing owned the

trailer being hauled by the Habeck tractor, both being operated by Mary Clark.

24.     Larry Hansen was an employee of Brownmiller and was acting within

the course and scope of his employment at all relevant times.

25.     Defendant Brownmiller was responsible for Larry Hansen's actions

under the theory of respondeat superior at all relevant times.

## COUNT I – NEGLIGENCE
## (HABECK TRUCKING, LONE PINE, CLARK, BROWNMILLER, AND HANSEN)

26.     The foregoing allegations are incorporated by reference in this

Count as though fully set forth herein.

27.     Defendant Mary Clark, acting on behalf of and within the scope of

her employment with Defendant Habeck Trucking, owed a duty to operate the

Habeck semi-tractor trailer combination with reasonable care.

28.     Defendant Mary Clark breached this duty by driving beyond her

ability to safely operate a motor vehicle, not controlling her motor vehicle during

severe road conditions, driving in a distracted manner, being inattentive to the

traffic around her, and failing to operate the subject vehicle in compliance with

state and local traffic laws with due regard for the health and safety of Plaintiffs.

29.     Defendant Lone Pine breached its duty of reasonable care by failing

to maintain its equipment in a safe and operable condition for over-the-road

highway transportation.

30.     Defendant Larry Hansen, acting on behalf and within the scope of his employment with Defendant Brownmiller, owed a duty to operate the Brownmiller semi-tractor trailer combination with reasonable care.

31.     Defendant Brownmiller breached its duty by failing to ensure Larry Hansen operated its tractor-trailer combination in compliance with state and local traffic laws with due regard for the health and safety of Plaintiffs.

32.     Defendants were negligent, individually and/or through the conduct of each other, in their careless ownership, inspection, maintenance and repair of their vehicles, trailers, and equipment.

33.     Defendants' negligence resulted in Plaintiffs' severe and permanent injuries, to the significant damage of Plaintiffs.

## COUNT II – NEGLIGENCE PER SE
## (CLARK)

34.     The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

35.     Defendant Mary Clark, acting on behalf of and within the scope of her employment with Defendant Habeck, owed a duty to operate the Habeck tractor and Lone Pine trailer combination in a safe and controlled manner under Montana Code Ann. §§ 61-8-329 (following too closely), 61-8-302 (careless driving), 61-8-303 (speed restrictions) and 61-8-346 (operation of vehicles on approach of authorized emergency vehicles).  These statutes were enacted for

the purpose of promoting public safety, and Plaintiffs were within the class of persons the legislature intended these statutes to protect.

36.     Defendant Mary Clark breached these duties while acting on behalf of and within the scope of her employment with Defendant Habeck Trucking.

37.     Defendant Mary Clark's violations of the Montana Code constitute negligence per se.

38.     Defendant Mary Clark's negligence per se caused severe injuries to Plaintiffs.

### COUNT III – NEGLIGENT HIRING AND RETENTION (HABECK TRUCKING AND BROWNMILLER)

39.     The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

40.     Defendants Habeck and Brownmiller owed a duty of reasonable care to Plaintiffs to hire and retain competent, qualified, and safe employees.

41.     Defendant Habeck knew, or in the exercise of reasonable care should have known, that Defendant Mary Clark was incompetent and unfit to perform the job that she was hired to perform based on her lack of proper training and experience.

42.     Defendant Habeck breached its duty of reasonable care by hiring and retaining Defendant Mary Clark who was incompetent, unfit, and dangerous.

43.     Defendant Brownmiller knew, or in the exercise of reasonable care

should have known, that Larry Hansen was incompetent and unfit to perform the job that he was hired to perform based on his lack of proper training and experience.

44.    Defendant Brownmiller breached its duty of reasonable care by hiring and retaining Defendant Larry Hansen who was incompetent, unfit, and dangerous.

45.    The failure of Defendants Habeck and Brownmiller to exercise reasonable care caused severe injuries and significant damages to Plaintiffs.

## COUNT IV – NEGLIGENT FAILURE TO TRAIN AND SUPERVISE (HABECK AND BROWNMILLER)

46.    The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

47.    Defendants Habeck and Brownmiller owed a duty of reasonable care to Plaintiffs to train and supervise its drivers and employees.

48.    Defendant Habeck breached its duty of reasonable care by failing to properly and adequately train and supervise Defendant Mary Clark.

49.    Defendant Brownmiller breached its duty of reasonable care by failing to properly and adequately train and supervise Larry Hansen.

50.    Defendants Habeck and Brownmiller's failure to properly and adequately train and supervise their drivers and employees caused severe injuries to Plaintiffs which subsequently caused Plaintiffs significant injuries and

damages.

## COUNT V - PUNITIVE DAMAGES
## (ALL DEFENDANTS)

51.    The foregoing allegations are incorporated by reference in this

Count as though fully set forth herein.

52.    Defendants acted with conscious disregard to Plaintiffs' known rights

by intentionally disregarding facts that created a high probability of injury and

deliberately proceeding to act with indifference to the high probability of injury to

Plaintiffs and any other persons foreseeably on the roadway.

53.    Habeck consciously and intentionally disregarded facts indicating

that it employed unsafe drivers and drivers who regularly employed unsafe

driving practices in western Montana.

54.    Habeck is liable to Plaintiffs for punitive damages, as it employed

Mary Clark despite her lack of proper training and experience.

55.    Lone Pine consciously utilized unsafe equipment and failed to

maintain its equipment in a safe and operable condition for over-the-road

highway transportation.

56.    Lone Pine is liable to Plaintiffs for punitive damages, as it

consciously utilized unsafe equipment and failed to maintain its equipment in a

safe and operable condition for over-the-road highway transportation.

57.    Brownmiller consciously and intentionally disregarded facts

indicating that it employed unsafe drivers and drivers who regularly employed

unsafe driving practices in western Montana.

58.     Brownmiller is liable to Plaintiffs, as it employed Larry Hansen

despite his lack of proper training and experience.

59.     Defendants' malice caused Plaintiffs to suffer significant injuries and

damages.

60.     Defendants' reckless and aggravated conduct subjects them to an

award of punitive damages.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants for the

following damages:

1.     For an amount sufficient to compensate Plaintiffs for their special and

general damages incurred in the past and that will continue in the future;

2.     Punitive damages;

3.     For other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, and demand a trial by jury.

DATED this 27th day of September, 2017.

PAOLI LAW FIRM P.C.

By: /s/ David R. Paoli
      David R. Paoli
      Paoli Law Firm, P.C.
      257 W. Front St., Suite A
      P.O. Box 8131
      Missoula, MT 59802